TPW/MSK: USAO 2016R00806

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX-17-427 |
| | * | |
| ANUJ SUD, | * | (Travel Act, 18 U.S.C. § 1952(a)(3); |
| | * | Forfeiture, 18 U.S.C. § 981(a)(1)(C), |
| Defendant | * | 21 U.S.C. § 853, and 28 U.S.C. |
| | * | § 2461(c)) |
| | * | |
| | * | |

*******

**SUPERSEDING INFORMATION**

**COUNT ONE**
(Travel Act)

The Acting United States Attorney for the District of Maryland charges that:

**Introduction**

At all times relevant to this Superseding Information:

*"The Liquor Board"*

1. The Prince George's County, Maryland, Board of License Commissioners ("Liquor Board") consisted of five members, appointed by the Governor of Maryland under the provision of Section 15-101 of Article 2B of the Annotated Code of Maryland. The Liquor Board served a quasi-judicial function in administering and enforcing Alcoholic Beverage Laws of the State of Maryland and the local rules and regulations of the Liquor Board.

2. The Liquor Board, along with the Comptroller of the Treasury and the State Appeal Board, was empowered with sufficient authority to administer and enforce the provisions of Article 2B of the Annotated Code of Maryland, which provided restrictions, regulations,

provisions, and penalties for the protection, health, welfare, and safety of the people of the State of Maryland.

3. Maryland state law prohibited a person from giving a public employee, and prohibited a public employee from demanding or receiving, a bribe, fee, reward, or testimonial in exchange for influencing the performance of the official duties of the public employee, or neglecting or failing to perform the official duties of the public employee, as provided by Maryland Criminal Law Article, Section 9-201.

*The Defendant and Others*

4. **ANUJ SUD ("SUD")** was an attorney licensed to practice law in the State of Maryland since 2005, with an office in College Park, Maryland. In 2015, **SUD** was appointed by the Governor of Maryland to serve as a Commissioner on the Liquor Board.

5. CHS-7 was an FBI Confidential Human Source.

**The Charge**

6. On or about July 13, 2015, in the District of Maryland and elsewhere, the defendant,

**ANUJ SUD,**

did travel and cause to travel in interstate commerce and did use and cause to be used a facility in interstate commerce, to wit, **SUD** traveled from Maryland to Washington, D.C., on or about July 13, 2015, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, to wit, bribery in violation of Maryland Criminal Code, Section 9-201, and thereafter did perform and attempt to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity, to wit, **SUD** accepted $1,000 in U.S.

currency from CHS-7 in Maryland on or about December 15, 2015, in exchange for influencing the performance of **SUD**'s official duties, and **SUD** accepted $1,000 in U.S. currency from CHS-7 on or about November 9, 2016, in exchange for influencing the performance of **SUD**'s official duties.

18 U.S.C. § 1952(a)(3)

## FORFEITURE ALLEGATION

The Acting United States Attorney for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count One of this Superseding Information.

2. As a result of the offense alleged in Count One, the defendant,

**ANUJ SUD,**

shall forfeit to the United States any property, real and personal, which constitutes and is derived from proceeds traceable to the violation.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any proceeds subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of said defendant.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

                                         *Stephen M. Schenning/mgu*
                                         Stephen M. Schenning
                                         Acting United States Attorney

Date: December 6, 2017